There is a one sentence quotation in United States v. Canada regarding the significance of a plea agreement to a defendant. The quotation echoes down through this court's jurisprudence on this issue. What it says is that the defendant offers his waiver, meaning the plea agreement, not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. Counsel, you have a waiver of appeal problem with your case. Would you address that before you get into the merits of your argument? Yes, Your Honor. I realize I addressed this only briefly in the brief, but my argument in that regard refers back to the first argument, which is that the prosecutor breached the agreement, and that therefore the defendant is released from the agreement. Have we ever held that? I have not seen that exact circumstance. Because the law in other circuits seems to be to the contrary, and I don't think we have any cases on it. Well, I'd ask the court to, in that case, Your Honor, I'd ask the court to seriously consider that, whether the defendant should be bound by an agreement that's been breached by the prosecution. I'd suggest that that's a fundamental problem with the plea when the plea is entered and the plea is breached by the prosecution. The defendant enters into the plea bargain with certain expectations. His expectation in this case was a reasonable one, that the prosecutor's arguments would refer to the statement of facts that was contained in the plea agreement itself, which is approximately a two-paragraph statement of facts that refers to the plea agreement. There was nothing in the plea agreement that said the court can't consider relevant conduct. No, there certainly isn't, and I'm not here to argue that the court can't consider relevant conduct. I realize that the law is very clear in that regard, but I would suggest that with this plea agreement as written, it was entirely reasonable for the defendant and his counsel to expect that the prosecutor was not going to get up before the court and say no less than seven times that the alleged victim of the charge that was dismissed was six years old, to say twice that the victim of the dismissed charge was ill, to say on four different occasions that this six-year-old victim was exposed to this horrible pornography. These were reasonable expectations by the defendant. Well, if we are to credit them as reasonable expectations, then we have to be ready to, in effect, accept a rule that there are material facts that a judge may consider, but nobody may mention them in the courtroom, that the lawyers, neither on your side nor on the prosecution side, can address a point which it is entirely legitimate for the judge to consider. That is rather a stretch, isn't it? Your Honor, again, the judge had, all of the information was before the judge. It was in the pre-sentence report. It was certainly not necessary. I realize there are cases such as Saxena where it was necessary for the prosecutor to bring to the attention of the court information that the court would not otherwise have known. But this is a situation where the prosecutor, I would suggest, went over the top with emphasizing what was a dismissed charge. But the prosecutor had a burden, right, to explain to the court why the prosecution was recommending so high a sentence, the high sentence that was permitted by the plea agreement. Yes, and certainly, even though it would have been obvious to the judge from the PSR, from the indictment, from the agreement itself, even though all of those things were true, even if the prosecutor had only said that much, Judge, you know that this very serious charge has been dismissed, and this certainly explains why the agreement is for a longer sentence than would otherwise, than you would otherwise expect. I'm not talking about the dismissal of the charge. I'm talking about the conduct. The conduct itself. The conduct is the conduct, and it informs the prosecutor's recommendation of the sentence. And it seems to me that you're in a box, because if your answer is, well, the prosecutor shouldn't have said it because it was obvious, then any error would be harmless. It's not only that, Your Honor. Again, and I realize I'm repeating myself, it's the reasonable expectation that would have been, I'd suggest that any defendant, any defense attorney would have felt blindsided by what happened here based on the agreement that was entered. Well, I can argue equally that any such expectation was reasonable that his attorney could have dealt with this in the plea agreement did not, that, in fact, the reasonable expectation is, as Justice Souter said, if the judge can consider it, counsel can mention it. I'd suggest, Your Honor, that that's something that, that's certainly something that could have been dealt with. In the objective test or subjective, we're supposed to look into the mind of the defendant subjectively as to what he understood the plea agreement to be about? Absolutely not, Your Honor. What I'm suggesting is, as we look at the plea agreement, that the court consider what a reasonable defendant would have expected, what reasonable counsel would have expected, and I think that you can see that what counsel expected here was not the emphasis that was put on the charge that was dismissed. And I'm going back to what the court has said, that the defendant bargains for the statements of the prosecutor. The defendant bargains for the, what the court will see as the integrity and prestige of the prosecutor, and that under the terms of this agreement, under the statement of facts that was given to the defendant, when he entered into this plea agreement, it was reasonable for him not to expect that the prosecutor was, was saying to the judge, emphasizing to the judge seven different times the age of the child, that the child was ill, that the child was exposed to this terrible pornography. You know, your client did rather well in these plea bargains that he reached, and the judge said, why are you here on appeal, and have you discussed with your client that the appeal might leave him, in the end, in worse shape? Your Honor, I can't get into certain conversations. No, you can't, but have you had that discussion with your client? There have been discussions concerning what the, what the outcomes might be. All right. Thank you. Thank you, Your Honors. Good morning. May it please the Court, Julia McIgnatius for the United States. Nearest Agrandiz's appeal should be dismissed, as his waiver of appeal provision is enforceable, and the enforcement of the provision would not result in a miscarriage of justice. Now, the miscarriage of justice exception is used in the most rare circumstances, and not given undue generosity. Well, before you get to miscarriage of justice, what do you say about defense counsel's argument that the issue isn't miscarriage of justice, the issue is that if there is a colorable claim that the prosecutor has breached the plea agreement, then the waiver doesn't apply because the entire agreement falls? Well, Your Honor, the government interprets that as if there is indeed a colorable claim of a breach of the plea agreement that did result in some sort of prejudice to the defendant. Well, take it one step at a time. That that may be miscarriage of justice. All right. Do you agree that if there is a colorable claim of breach of a plea agreement, that the waiver would not apply? Your Honor, in a circumstance where here there is an unpreserved claim, the defendant would have to show plain error. And it's always been the government's position that the miscarriage of justice exception has a little bit more bite than plain error. Given the jurisprudence of this circuit, there's been a circumstance, as I believe in this case was not cited in our brief because this hypothetical was not brought up, but in the ceterion case where there was a sentencing enhancement that was improperly applied that resulted in a greater sentence than what the parties had agreed on, that this court has held that that was not a miscarriage of justice because it was a garden variety sentencing claim. Judge Sully was pointing you at an earlier stage of our analysis and he asked you a question which you've neatly avoided answering by sliding immediately into miscarriage of justice. That may be the bottom line, but the first is whether this claim is even eligible to be considered given the waiver of appeal. I assume your argument is there is no colorable claim here of breach by the prosecutor of the agreement because the defendant didn't bargain for and get that and because the law is simply that relevant conduct can always be considered and so of course the prosecutor would talk about relevant conduct. Yes, Your Honor, I agree with everything that Your Honor stated, but I would also take it a step further. In this case, the prosecutor's statements were not referencing any relevant conduct. Pursuant to the sentencing recommendation of the plea agreement, the government was going to recommend a 210-month sentence. That's right, count one was not considered relevant conduct. I thought the trial judge said it was. Yes, Your Honor, I agree that count one, in this case the district court determined it was relevant conduct, but focusing on the statements that were made at the sentencing hearing, the prosecutor took it all under the 3553-8 factors and the nature and circumstance of the present offense, which was the possession of child pornography. Notably, the prosecutor in advocating for the 210-month sentence never mentioned the production of child pornography, never mentioned that the defendant had been charged with attempting to take pictures of her that sexually abused her in requesting this 210-month sentence. Instead, the prosecutor brought up the six-year-old because it clearly had to do with the possession of child pornography. The fact that there were facts on the record that illustrated that a six-year-old was able to... Was her image among the large number of images on the tablet? No, Your Honor. No, Your Honor. The fact that a six-year-old was able to explain the images that were found on the tablet that was able to discuss the fact that there were nudist pictures of children on the beach and then get into the more disturbing, hardcore, sadomasochistic images of prepubescent children was certainly relevant, not only putting aside count one, but to count two. The manner in which he possessed this child pornography, it went beyond him looking at these images for his own ratification, but this is clearly part of the way that this possession occurred, that he had these images and that he showed them to a minor that was later able to describe the images that were found and that were seized. So, looking at the way that the prosecutor discussed these facts, it was never saying that, oh, this individual, Mr. Nunez, 89, is actually abused or took pictures of these. The most damning facts in the PSR that dealt with the production and the sexual abuse were never even mentioned by the prosecutor, because the spirit of the agreement was to recommend a sentence on the part of the government for 210 months based on the 3553A factors, and that's exactly what the prosecutor did. So he would submit that there was no breach whatsoever, and in this case, the prosecutor's request for the sentence dealt with the possession of child pornography. What did Mr. Nunez do with these images? Additionally, it dealt with the history and characteristics. So you would say we'll leave to another day whether a colorable claim of prosecutorial failure to comply with the plea agreement constitutes grounds to avoid a waiver of appeal, because this case plainly doesn't involve even that. That's correct, Your Honor. It's the government's position that there's no breach whatsoever, so that argument doesn't... No, no, no. We're not talking about breach. We're talking about a colorable claim of breach. You're the one who used that language, and I take it you're saying even that situation doesn't need to be addressed. The government agrees, Your Honor. I'm not trying to make arguments for the government. I'm trying simply to understand what your argument is. Your Honor, our argument is that the waiver of appeal provision in this case is triggered, is enforceable, and that there would be no miscarriage of justice in enforcing that provision because there was no breach whatsoever. That the defendant in this case, even if we were to go to the meat of his argument, if we were to set aside the waiver, cannot show plain error because 1, 2, 3, and the 4 elements of plain error cannot be established given that there is no breach or no wrongdoing on the part of the government. So you say there is no colorable claim. Is that correct? Exactly, Your Honor. In this case, there is no colorable claim of breach of the plea agreement because the prosecutor abided by the terms of the plea agreement and the spirit of the plea agreement by specifically requesting a sentence of 210 months. And by referencing facts, it was a plea agreement where there was a range. And the prosecutor was in fair territory by making reference to certain facts to support that range. Thank you very much.